Kirkpatrick, C. J.
— Was of opinion, that the defendant ought to have judgment.
Pennington, J.
— It is contended by the counsel for the defendant — That a covenant of seizin is a real covenant, attendant on the land, and passes with it, and therefore, the right of action arising on the breach of covenant in this case, had passed out of the plaintiff with the land, before the action brought; and they liken the present case toa covenant of warranty, and a covenant of further assurance. At the time of the argument, I confess I was struck with the resemblance of the cases, and was a little surprised that no book case was produced to warrant the opinion; but on a more mature consideration of this case, I am fully satisfied that there is no likeness in the cases. A covenant to run with the land, must, from its nature have a continuance, and is made in contemplation of, and to guard against some event which [#c] may fall out or happen in future, or to provide for some act to be performed thereafter that respects the land. A covenant of warranty is of this nature, to secure and defend the grantee against a future eviction; so also is a covenant for further assurance, an agreement to do a future act, to execute and deliver new' conveyances in furtherance of the title. But a covenant of ownership or seizin is a present act, and if the covenantor hath not title or is not seized, the covenant is broken as soon as made; it is so laid down in Shep. Touchstone 17O; the right of action immediately vests in the covenantee, and does not go with the land to his assignees, either grantee or feoffee. In the present case, the assignees of the covenantee are not mentioned in the covenant, as far as the contents of that instrument are disclosed by the record. However, if they were named I do not see that if could make any difference, for even if the covenant run with the land, they could not have an action for a breach before their time. It would, in fact, be assigning a chose in action, an act interdicted by the common law'. If this covenant is, however, to be assimilated to a warranty, it is of some importance; as it is expressly laid down by Shepard, 198, that those who are not named, such as heirs and assigns, shall not have advantage of a warranty.
It is said, however, by the counsel for the defendant, that an action for a breach of covenant of seizin cannot be maintained, unless the purchaser hath been evicted, or hath offered to restore theposscssion of the land. I cannot find a single case or even dictum 1o justify this extraordinary proposi *300 tioii, and every day’s practice is at variance with it; it hath been ruled over and over again, incases arising on these actions of seizin, that an assignment of the breach in the words of the covenant is sufficient. If an eviction or an offer to restore was an essential requisite to the maintenance of the action, these essential points should be averred in the declaration ; for no rule of pleading is more fully established, or on better reason, than that every declaration must contain a complete cause of action.
[*e] Again, it is said that the plaintiff is estopped both by the mortgage deed, and the sale and conveyance by the sheriff, to say that the defendant had no title. If this proposition is correct, great frauds and injustice would he sanctioned by our law. A conveys to B a tract of land, in the deed for which, he covenants, that he is lawful owner and hath full power to sell; B not being able at the time to pay all the purchase money, and believing A to have a good title, mortgages the same land to A to secure the balance, and afterwards pays off the mortgage; it turns out, however, that A had no title to the land, and B is evicted and turned out of possession, and brings the action on the covenant in his deed, but is estopped by the mortgage deed, to say that A was not owner, or had not full power to sell, and thus by a kind of legal legerdemain, B is tricked out of his money. If this doctrine is true, Lord Coke was not only justifiable in saying that estoppels were odious in law, but he might have gone further, and added, that they were also detestable.
Happily, however, our law is not chargeable with any such absurdity. It is laid down by Lord Coke, that every estoppel, because it concludéth a man to allege the truth, must be certain to every intent, and not be taken by argument or inference, Coke Littleton 352, 6. If we apply this reasonable rule of the common law, so correctly expressed by his Lordship, to the case in question, the proposition of the defendant’s counsel must go to the wall. The plaintiff in his mortgage deed, does not say that the defendant was sole owner of the premises, and had full right and absolute power and authority to grant, bargain and sell the same. — The most that can be drawn from the mortgage deed is, that the plaintiff impliedly said, that he himself was owner, and had power and authority to bargain and sell, at the time of executing the mortgage deed, or rather that he shall not be permitted to say the contrary; from which, it is inferred by argument and deduction, that having purchased of the defendant the day before, he recognized and acknowledged his title; but even this argument [*e] and inference is not conclusive; the plaintiff might have purchased, or *301 otherwise acquired the legal title in the mean time; and al - though he may not be permitted to say, that he himself had no title at the time he executed the mortgage deed, yet he may, and ought to be permitted to say, that the defendant had no title when he executed his deed to the plaintiff Even a recital in a deed doth not amount to an estoppel, because it is no direct affirmation, Coke Lit. 352, 6.
The conveyance by the sheriff is not only liable to the foregoing objections, as it respects the doctrine of estoppels, but to still greater, arising from the nature of the conveyance ; although a man is in certain cases, estopped by his own act to allege the truth, yet he shall not be estopped by the act of law. The principle upon which the doctrine of estoppels rests, is, that a man shall not be permitted to allege any thing contrary to what he hath before solemnly done. It is true, the sale by the sheriff, is to have the same effect as his act, so far as it goes to make a title; but it is not his act so as to estoppe him from alleging the truth on any point whatever. He may allege a collusion between the sheriff and the purchaser; but he would be estopped to allege a collusion between himself and the purchaser.
On the whole, I am of opinion, that neither the second or third plea can be supported, and that the plaintiff must have judgment.
Boubixot, .T. — Concurred in opinion with Pjgniíixgtost, Justice.
Judgment for the plaintiff